UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11808-RGS

ANTONIO IBANEZ,

v.

U.S. BANK NATIONAL ASSOCIATION, as Trustee for THE STRUCTURED
ASSET SECURITIES CORP. PASS-THROUGH CERTIFICATE SERIES 2006-Z;
AMERICAN HOME MORTGAGING SERVICING, INC.; SAND CANYON
CORP. also known as OPTION ONE MORTGAGE CORP.

MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION TO REMAND

November 29, 2011

STEARNS, D.J.

This action stems from a seminal January of 2011 decision of the Massachusetts Supreme Judicial Court (SJC). *See US Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637 (2011). The principal parties involved in that case are the parties here, although their roles are now reversed.[1] In the wake of the SJC's decision, in July of 2011, Ibanez filed a Complaint against U.S Bank National Association as Trustee for the Structured Asset Securities Corporation Pass-Through Certificates, Series 2006-Z (U.S. Bank as

---

[1] In the case before the SJC, a consolidated case was also heard; Sand Canyon Corp. and American Home Mortgage Servicing, Inc. (AHMSI), were not plaintiffs in the state action.

Trustee), and AHMSI in the Superior Court. In October of 2011, AHMSI removed the case to the federal district court, with the assent of co-defendants U.S. Bank as Trustee and Sand Canyon. The basis for removal was diversity, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Ibanez now requests that the court remand the action to the Superior Court, arguing that complete diversity does not exist.

BACKGROUND

Ibanez, a citizen of Massachusetts, brought suit against defendants claiming intentional and negligent misrepresentation; breach of the implied covenant of good faith and fair dealing; breach of contract; and trespass. The claims arise from the invalid foreclosure conducted by U.S. Bank as Trustee on Ibanez's mortgaged property and the resulting purchase of the property by U.S. Bank as Trustee at the foreclosure sale. *See Ibanez*, 458 Mass. at 638 & Compl. ¶¶ 7-16.

U.S. Bank as Trustee is a national banking association organized under the laws of the United States, with a principal place of business and head offices in Minnesota. U.S. Bank as Trustee was the assignee of Ibanez's original mortgage, but foreclosed on the property before the assignment physically took place. *See Ibanez*, 458 Mass. at 643. AHMSI is a corporation organized under the laws of Delaware with a principal

place of business in Texas.[2] Sand Canyon is a corporation organized under the laws of California with a principal place of business in California. Sand Canyon is the successor-in-interest to Option One Mortgage, the original assignee of the mortgage. *See Ibanez*, 458 Mass. at 640-641 & Compl. ¶ 4.

## DISCUSSION

The removal and diversity jurisdiction statutes are strictly construed – any doubts about the propriety of a removal are resolved in favor of remand. *Danca v. Private Healthcare Sys., Inc.*, 185 F.3d. 1, 4 (1st Cir. 1999); *In re Massachusetts Diet Drug Litig.*, 338 F. Supp. 2d. 198, 202 (D. Mass. 2004). Diversity of citizenship "must be complete" to satisfy 28 U.S.C. § 1332. *In re Olympic Mills Corp.*, 477 F.3d 1, 6 (1st Cir. 2007). "Since diversity of citizenship is a jurisdictional requirement, the Court is always 'called upon to decide' it." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990).

The parties contest whether the citizenship of defendant U.S. Bank as Trustee should be defined by the citizenship of the Trustee, or whether the court must also consider the citizenship of the Trust's certificateholders, that is, each of the Trust's

---

[2] According to *Ibanez*, 458 Mass. at 634, AHMSI assigned the Ibanez mortgage to U.S. Bank as Trustee, as AHMSI was "successor-in-interest" to Option One Mortgage Corporation, the record mortgage holder.

beneficiaries. Ibanez relies on this court's interpretation of *Carden* in *Bergeron v. Ridgewood Elec. Power Trust et al.*, 2007 WL 1959209, at *2 (D. Mass. July 5, 2007). In *Bergeron*, this court held that the citizenship of a trust, for the purpose of diversity jurisdiction, is determined by the citizenship of both the trustee and the beneficiaries. *Id.* Ibanez contends that because defendants have failed to disclose the citizenship of the certificateholders, they cannot meet their burden of proving the complete diversity required for a removal. *See* Pl.'s Mot. to Remand. Defendants, for their part, concede that Ibanez's argument would be correct if the Trust was itself a party to this dispute, but it is not. Rather, Ibanez has sued the Trustee. Thus, the court's interpretation of *Carden* is not at issue.

In *Bergeron*, plaintiff sued derivatively on behalf of a trust alleging wrongdoing by the trustees. *See Bergeron*, 2007 WL 1959209, at *1-2. The court found that "[b]ecause defendants Power Trust V and Power Growth Fund are 'artificial entities other than corporations,' their citizenship for purposes of determining diversity jurisdiction depends on the citizenship of 'all the members.'" *Id.* at *2, quoting *Carden*, 494 U.S. at 195. On the other hand, when a suit is filed by or against the trustee, so long as the trustee is a "real party to the controversy," *see Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980), the citizenship of the trustee - and not that of the

beneficiaries - is at play.³ *See Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 200-201 (3d Cir. 2007); *see also Carden*, 494 U.S. at 192-193 (distinguishing *Navarro* from *Carden* because "*Navarro* had nothing to do with the citizenship of the 'trust,' since it was a suit by the trustees in their own names."). Because here only the Trustee is a party to the suit, complete diversity exists, and the case was properly removed.

ORDER

For the foregoing reasons, Ibanez's motion to remand is DENIED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

³ "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro*, 446 U.S. at 464. Ibanez contests whether defendant U.S. Bank as Trustee fits within this definition. However, as defendants points out, Ibanez has asserted actual wrongdoing on the part of U.S. Bank as Trustee. That is a sufficient admission of Ibanez's confidence that defendant Trustee possessed the type of customary powers generally granted to a trustee that could later render it a real party to a controversy.

5